**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER JONES, | No. 18-35657 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00215-CWD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Candy Dale, Magistrate Judge, Presiding

Argued and Submitted October 25, 2019
Portland, Oregon

Before: FARRIS, BEA, and CHRISTEN, Circuit Judges.

The record supports the Commissioner of Social Security's denial of

Christopher Jones's application for disability insurance benefits under Title II of

the Social Security Act. Jones does not suffer from a severe impairment under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Act because he had no medically determinable impairments before his insured status for disability benefits expired.

Disability consideration is limited to impairments "demonstrable by medically acceptable clinical and laboratory diagnostic techniques," 42 U.S.C. § 423(d)(3), and the claimant bears the burden of showing that he had a medically determinable impairment, *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (citing 42 U.S.C. § 423(d)(5)(A)). "'In claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled.'" *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (quoting SSR 96–4p, 1996 WL 374187, at *1–2).

Jones did not meet his burden of showing that the ALJ erred by severing his application for Title XVI benefits from his application for Title II benefits. Jones provided no evidence of medical treatment within his Title II eligibility window of July 15, 2008 to December 31, 2013, nor any medical or laboratory findings that would substantiate the existence of a qualifying physical or mental impairment. Consulting experts agreed that the record contained insufficient evidence to retrospectively diagnose Jones with a mental disability that began during his eligibility period. The ALJ made appropriate inquiry to develop the record and

2

properly discounted the testimonies of Jones's mother and social worker.

Substantial evidence supports its denial of Jones's claim.

**AFFIRMED**.